**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JAMES KALOS,
Plaintiff,

v.

ACCELERATE EDUCATION INCORPORATED,
Defendant.

Civil Action No. 26-2173

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, James Kalos, through his counsel, David M. Manes, Esq., of Sanford DeRose Trial Lawyers, LLP, alleges as follows:

### Nature of the Action

1. This action arises from Defendant's discrimination against Plaintiff because of his post-traumatic stress disorder (PTSD), retaliation for his request for a disability accommodation, and failure to provide a reasonable accommodation, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 et seq.

### Parties, Jurisdiction, and Venue

2. Plaintiff is an adult resident of Huntingdon, Huntingdon County, Pennsylvania. During the employment at issue, he worked remotely for Defendant from his home in Huntingdon.

3. Defendant, Accelerate Education Incorporated, is a Nevada corporation with an office at 3655 W. Anthem Way, Suite A-109237, Anthem, Arizona 85086. Defendant provides online educational courses and curriculum.

4. On information and belief, Defendant is engaged in an industry affecting commerce and had at least fifteen employees for each working day in twenty or more calendar weeks during 2024 and 2025. Defendant is a covered employer under 42 U.S.C. § 12111(5). On information and belief, Defendant is also an employer subject to the PHRA, 43 P.S. § 954(b).

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. This Court has supplemental jurisdiction over Plaintiff's PHRA claims under 28 U.S.C. § 1367(a) because they arise from the same employment relationship and challenged conduct as his ADA claims and form part of the same case or controversy.

6. Defendant knowingly employed Plaintiff to perform his work in Pennsylvania, supervised that work through communications with him in Pennsylvania, and directed the employment actions challenged here to him at his Pennsylvania workplace. These claims arise from that employment relationship and those contacts. This Court has personal jurisdiction over Defendant.

7. Venue is proper under 42 U.S.C. § 2000e-5(f)(3), incorporated by 42 U.S.C. § 12117(a), because the alleged unlawful employment practices occurred in Pennsylvania, where Plaintiff worked, sought an accommodation, and received the employment decisions at issue. That provision permits suit in any judicial district in the State in which the unlawful employment practice is alleged to have occurred.

**Administrative Exhaustion**

8. On October 3, 2025, Plaintiff timely filed EEOC Charge No. 540-2026-00047 against Defendant concerning his PTSD, his April 17, 2025 accommodation request, and Defendant's ensuing employment actions. The charge was filed within 180 days of the challenged actions.

9. The charge was dual filed with the Pennsylvania Human Relations Commission (PHRC) on October 3, 2025, pursuant to the agencies' worksharing arrangement. The PHRC filing was within 180 days of the challenged employment actions.

10. On September 18, 2026, the EEOC issued its dismissal and notice of right to sue, which Plaintiff received that day by email. Plaintiff brings this action within ninety days of receipt.

11. More than one year has elapsed since Plaintiff's October 3, 2025 filing with the PHRC. The PHRC has not entered into a conciliation agreement resolving Plaintiff's claims, and its one-year period of exclusive administrative jurisdiction has expired.

12. The claims pleaded here arise from the conduct presented in Plaintiff's dual-filed charge and the investigation reasonably expected to grow from it. Plaintiff has satisfied the administrative prerequisites to his ADA and PHRA claims.

**Factual Allegations**

13. Plaintiff began providing instructional-design services to Defendant in November 2020. Defendant initially engaged him as an independent contractor and employed him as a full-time instructional designer beginning September 1, 2021.

14. Plaintiff's work involved designing instructional curriculum. He performed that work remotely. His duties did not include teaching or working directly with students.

15. Plaintiff held a master's degree and had experience in education and instructional design. He performed instructional-design work for Defendant for approximately four and one-half years, including his initial period as a contractor.

16. At the end of his employment, Plaintiff earned an annual salary of approximately $74,500 and ordinarily worked forty hours per week.

17. Immediately before Defendant removed him from work, Plaintiff was working on three assigned projects, and continued work was available.

18. Plaintiff had performed his assigned work without prior disciplinary incidents. In its response to Plaintiff's unemployment claim, Defendant likewise reported no prior incidents.

19. Plaintiff has documented PTSD, a mental impairment that substantially limits brain function when active. During his employment, interactions with Defendant's vice president, Leanne, exacerbated his PTSD and made workplace communication difficult.

20. Plaintiff's department supervisor, David, knew of Plaintiff's PTSD before April 17, 2025. David advised Plaintiff to ask for an accommodation because Leanne's interactions with Plaintiff were exacerbating his condition.

21. Plaintiff was able to perform the essential instructional-design duties of his position. Reasonable adjustments to supervisory communication methods could address the workplace difficulty arising from his PTSD while allowing him to continue performing those duties.

22. On April 17, 2025, following his supervisor's advice, Plaintiff contacted Defendant's human-resources department and requested an accommodation for his PTSD.

23. Through that request, Defendant received notice that Plaintiff sought workplace assistance because of a mental impairment. Defendant also had prior notice of the impairment through Plaintiff's department supervisor.

24. At approximately 7:13 p.m. that same day, after Plaintiff requested an accommodation, Defendant sent him a letter dated April 17, 2025, signed by Bob Solis, Vice President of Finance and Human Resources.

25. The April 17 letter placed Plaintiff on paid administrative leave, suspended his access to Defendant's systems, and notified him of Defendant's preliminary decision to terminate his employment. It invited him to submit additional information by April 25, 2025.

26. Defendant removed Plaintiff from his ongoing work by April 18, 2025. Defendant did not provide him a reasonable accommodation before removing him from work or before ending his employment.

27. In a subsequent letter dated April 28, 2025, Defendant made its termination decision final and terminated Plaintiff's employment effective April 28, 2025.

28. Defendant attributed its actions to Plaintiff's preemployment criminal history and educator-certification discipline. The April 17 letter stated that Defendant had discovered information online on April 15, 2025, about Plaintiff's 2018 convictions and 2019 certification discipline.

29. Those convictions and the certification discipline predated both Plaintiff's initial engagement in 2020 and his employment in 2021. Defendant did not identify any new criminal conduct during Plaintiff's work for Defendant.

30. Defendant's April 17 letter also asserted that Plaintiff's instructional-design role had brought him into contact with minor children. That assertion was inaccurate: Plaintiff did not work directly with students in his position.

31. Defendant had not asked Plaintiff to disclose his criminal history when it engaged or hired him, and Plaintiff had not supplied a false answer to a criminal-history question. Defendant had approved him to begin work.

32. The accommodation request preceded the April 17 removal notice by hours. Before that request, Plaintiff remained assigned to three projects. The April 17 letter described a preliminary decision, and Defendant did not make that decision final until April 28.

33. On information and belief, Solis knew of Plaintiff's accommodation request before Defendant finalized the termination. This allegation is based on the request's submission to the department Solis headed, his role in issuing the April 17 letter, and the interval before the final April 28 decision. The internal communications and exact sequence of Defendant's decision-making are within Defendant's possession.

34. Plaintiff alleges that his disability and request for accommodation caused Defendant's challenged actions. The same-day removal notice, his continuing work assignments and lack of prior disciplinary incidents, and the inaccurate assertion about his contact with students support that inference.

35. As a result of Defendant's conduct, Plaintiff lost employment, wages, and benefits and suffered emotional distress.

**COUNT 1**
**Disability Discrimination Under the ADA**
**42 U.S.C. § 12112(a)**

36. Plaintiff incorporates paragraphs 1 through 35.

37. Plaintiff was an individual with a disability within the meaning of 42 U.S.C. § 12102 and was qualified to perform the essential functions of his instructional-designer position, with or without reasonable accommodation.

38. Defendant knew of Plaintiff's PTSD through his department supervisor and his request to human resources.

39. Defendant terminated Plaintiff's employment because of his disability, in violation of 42 U.S.C. § 12112(a). The facts alleged above support an inference that Defendant's stated reason did not account for the actual reason for its action.

40. Defendant's discrimination caused Plaintiff the losses and injuries described above.

41. Defendant acted intentionally and with malice or reckless indifference to Plaintiff's federally protected rights.

**COUNT 2**
**Retaliation Under the ADA**
**42 U.S.C. § 12203(a)**

42. Plaintiff incorporates paragraphs 1 through 35.

43. Plaintiff engaged in protected activity when he requested a disability accommodation from human resources on April 17, 2025. He made that request in the good-faith, reasonable belief that he was entitled to assistance for his PTSD, following his supervisor's recommendation.

44. Defendant knew of Plaintiff's request through its human-resources department. On information and belief, the officials who finalized the termination, including Solis, knew of that request for the reasons alleged above.

45. Defendant responded by removing Plaintiff from his assigned work, issuing a preliminary termination notice hours after his request, and ultimately discharging him on April 28, 2025. The termination was materially adverse and would dissuade a reasonable employee from seeking an accommodation.

46. Plaintiff's protected request was a but-for cause of Defendant's decision to terminate his employment. Plaintiff relies on the timing and surrounding facts alleged above, including that Defendant characterized its decision as preliminary after receiving his request.

47. Defendant's retaliation caused Plaintiff to lose wages and benefits and otherwise injured him, entitling him to the relief authorized for this claim.

**COUNT 3**
**Failure to Accommodate Under the ADA**
**42 U.S.C. § 12112(b)(5)(A)**

48. Plaintiff incorporates paragraphs 1 through 35.

49. Plaintiff had an actual disability, was qualified for his instructional-design position, and requested workplace assistance because of limitations arising from his PTSD.

50. Defendant had notice of Plaintiff's disability and need for accommodation through his supervisor and his April 17 request to human resources.

51. Reasonable changes to the manner of supervisory communication were available to address the interactions that exacerbated Plaintiff's PTSD while preserving his assigned instructional-design duties. Plaintiff could continue performing those duties with such an accommodation.

52. Defendant failed to provide a reasonable accommodation and failed to undertake a good-faith interactive process to identify an effective adjustment before ending Plaintiff's employment. Its failure to engage in that process prevented identification and implementation of an effective accommodation.

53. By failing to accommodate Plaintiff's known disability when a reasonable accommodation was available, Defendant violated 42 U.S.C. § 12112(b)(5)(A) and caused Plaintiff the losses and injuries described above.

54. Defendant acted intentionally and with malice or reckless indifference to Plaintiff's federally protected rights.

**COUNT 4**
**Disability Discrimination Under the PHRA**
**43 P.S. § 955(a)**

55. Plaintiff incorporates paragraphs 1 through 35.

56. Plaintiff's PTSD constituted a disability under the PHRA, 43 P.S. § 954(p.1). His mental impairment substantially limited his ability to communicate during symptomatic episodes, including the workplace interactions described above.

57. Plaintiff was qualified for his instructional-design position. His disability was non-job-related within the meaning of 43 P.S. § 954(p) because it did not substantially interfere with his ability to perform the essential functions of his position with reasonable accommodation.

58. Defendant knew of Plaintiff's disability through his department supervisor and his request to human resources. Defendant was an employer subject to the PHRA.

59. Defendant terminated Plaintiff's employment because of his disability, in violation of 43 P.S. § 955(a). The timing, Plaintiff's continuing work assignments and lack of prior disciplinary incidents, and Defendant's inaccurate assertion about his contact with students support an inference that its stated reason was a pretext for disability discrimination.

60. Defendant's discrimination caused Plaintiff to lose wages and benefits and to suffer emotional distress and the other injuries described above.

**COUNT 5**
**Retaliation Under the PHRA**
**43 P.S. § 955(d)**

61. Plaintiff incorporates paragraphs 1 through 35.

62. Plaintiff engaged in protected activity under the PHRA when he requested a reasonable accommodation for his PTSD on April 17, 2025. He made that request in the good-faith, reasonable belief that he was entitled to a disability accommodation, following his supervisor's recommendation.

63. Defendant knew of Plaintiff's protected request through its human-resources department. On information and belief, Solis and the other officials who finalized the termination knew of the request for the reasons alleged above.

64. Defendant removed Plaintiff from his assigned work, issued a preliminary termination notice hours after his request, and discharged him on April 28, 2025. His discharge was materially adverse and would dissuade a reasonable employee from requesting an accommodation.

65. Plaintiff's protected request was a but-for cause of Defendant's decision to terminate his employment. The timing and surrounding circumstances alleged above support a causal connection between that request and the final termination decision.

66. By retaliating against Plaintiff for requesting an accommodation, Defendant violated 43 P.S. § 955(d) and caused Plaintiff to lose wages and benefits and to suffer emotional distress and the other injuries described above.

## COUNT 6
## Failure to Accommodate Under the PHRA
## 43 P.S. § 955(a)

67. Plaintiff incorporates paragraphs 1 through 35.

68. Plaintiff's PTSD was a disability under the PHRA that substantially limited his ability to communicate during symptomatic episodes. He was qualified for his instructional-design position, and his disability did not substantially interfere with his performance of its essential functions with reasonable accommodation.

69. Defendant had notice of Plaintiff's disability and need for accommodation through his department supervisor and his April 17, 2025 request to human resources.

70. Reasonable adjustments to supervisory communication methods were available that would address the interactions exacerbating Plaintiff's PTSD and permit him to continue performing his instructional-design duties without imposing an undue hardship on Defendant.

71. Defendant failed to provide a reasonable accommodation or undertake a good-faith interactive process to identify an effective adjustment before ending Plaintiff's employment. Its failure to engage in that process prevented identification and implementation of an effective accommodation.

72. Defendant thereby violated 43 P.S. § 955(a), as implemented by 16 Pa. Code §§ 44.5(b) and 44.14(a), and caused Plaintiff to lose wages and benefits and to suffer emotional distress and the other injuries described above.

**Request for Relief**

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant, and the following relief to the extent authorized by the governing statute:

73. Back pay and lost employment benefits, with prejudgment interest;

74. Reinstatement or, if reinstatement is inappropriate, front pay and benefits;

75. Compensatory damages, including damages for emotional distress, on Counts 1 and 3 subject to the ADA's applicable statutory limits, and on Counts 4, 5, and 6 under the PHRA;

76. Punitive damages on Counts 1 and 3, subject to the ADA's applicable statutory limits;

77. Reasonable attorney's fees, litigation expenses, and costs under 42 U.S.C. § 12205 and 43 P.S. § 962(c.2), as applicable;

78. Postjudgment interest as provided by law; and

79. Such other relief as the Court deems just and proper.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 5, 2026

Respectfully submitted,

*/s/ David M. Manes*
David M. Manes, Esq.
PA ID No. 314661
Sanford DeRose Trial Lawyers, LLP
810 Penn Avenue, Suite 200
Pittsburgh, PA 15222
Telephone: (412) 593-4001
dmanes@usebulldog.com

Counsel for Plaintiff

**VERIFICATION**

I, James Kalos, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

02/10/2026
Date

James Kalos
James Kalos (Oct 2, 2026 17:32:05 EDT)
James Kalos

# James Kalos v. Accelerate Education Incorporated – Complaint

Final Audit Report 2026-10-02

| | |
|---|---|
| Created: | 2026-10-02 |
| By: | Grace Grace (ggrace@usebulldog.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA4G1TOcJ45x7ihTLpDfVxHPNjCE5HpsVP |

## "James Kalos v. Accelerate Education Incorporated – Complaint" History

Document created by Grace Grace (ggrace@usebulldog.com)
2026-10-02 - 8:49:29 PM GMT

Document emailed to James Kalos (jimkalos80@gmail.com) for signature
2026-10-02 - 8:49:33 PM GMT

Email viewed by James Kalos (jimkalos80@gmail.com)
2026-10-02 - 9:21:17 PM GMT

Document e-signed by James Kalos (jimkalos80@gmail.com)
Signature Date: 2026-10-02 - 9:32:05 PM GMT - Time Source: server - Signature Appearance Selected: TYPE

Agreement completed.
2026-10-02 - 9:32:05 PM GMT